Katherine T. Corrigan, SBN 132226
CORRIGAN WELBOURN & STOKKE,
A PROFESSIONAL LAW CORPORATION
4100 Newport Place, Suite 550
Newport Beach, CA 92660
Telephone: 949-251-0330
Facsimile: 949-251-1181
E-Mail: kate@cwsdefense.com
Attorney for Defendant, CHANCE BRANNON

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case: 8:23-CR-00100-CJC |
| Plaintiff, | DEFENDANT'S SENTENCING POSITION AND OBJECTION TO PSR; EXHIBITS A-E |
| vs. | |
| CHANCE BRANNON, | Sentencing Date: April 15, 2024 |
| Defendant | Hearing Time: 9:00 a.m. |

**TO THE HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE, THE UNITED STATES ATTORNEY'S OFFICE AND ITS ATTORNEYS OF RECORD, KATHRYNNE SEIDEN, AND UNITED STATES PROBATION OFFICER JILL DACOSTA:**

Defendant CHANCE BRANNON (hereinafter the "***Defendant***"), by and through counsel of record, Katherine Corrigan, hereby files Defendant's Position Re Sentencing in the above-entitled matter.

DATED: April 1, 2024          ____/s/_____
                                                Katherine Corrigan
                                                Attorney for Defendant

1

# I.

# INTRODUCTION

Defendant respectfully submits this memorandum to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. Section 3553(a) in light of *United States v. Booker*, 125 U.S. 738 (2005). The Defendant is a young man who clearly made bad decisions when being involved in the offense conduct. However, his youthfulness and mental health issues (as more fully discussed in the under-seal filing associated with this pleading) provide the Court with a clear pathway to do the right thing, which is to sentencing the Defendant to no more than the mandatory minimum sentence of 60 months imprisonment.

The proposed sentence does not present a disparity among similarly situated defendants. The plea agreements of his co-defendants clearly demonstrate and support this. Co-defendant Xavier Battan has plead guilty and is facing far less time than Defendant and Defendant Tibet Ergul's plea agreement suggests a sentencing range that is close to the mandatory minimum sentence Defendant faces.

The Defendant disagrees and objects with probation's view that an upward departure is appropriate in this Case. The Defendant demonstrated from an early stage that he is committed to "righting the ship." He is determined to continue to develop as an adult. Although his words and language are unacceptable, insensitive, and offensive to society, his sentence should not be impacted by those words and thoughts. A sentence of no more than 60 months imprisonment is warranted.

The letters of support attached to this sentencing memorandum demonstrate the positive qualities that the Defendant possesses. They are consistent in their message and portrayal of him.

It is anticipated that the Defendant will have paid his restitution obligation in full in advance of the sentencing hearing.

2

Defendant's Sentencing Position Memorandum

The Defendant requests that the Court impose of sentence of no more than 60 months imprisonment, followed by 3 years of supervised release. The terms and conditions of supervised release recommended by probation are adequate to promote respect for the law, satisfy the need to protect the public from Defendant, and serve as general and specific deterrence. This proposed sentence recognizes Defendant's anticipated payment of restitution in full in advance of sentencing, along with the factors set forth in 18 U.S.C. §3553 (a). The proposed sentence is adequate to achieve the goals of sentencing.

After full analysis of the sentencing factors in this case, the information provided by the defense and probation, the Defendant requests that the Court impose the following sentence and make the following recommendations:

1. No more than 60 months imprisonment
2. 3-year supervised release
3. Imposition of no fine
4. Imposition of a $400 special assessment
5. The conditions of supervised release articulated in the sentencing recommendation letter found at Docket entry 88
6. A recommendation the Bureau of Prisons house Defendant FCI Englewood (Colorado) due to services it makes available to veterans.

The requested sentence is based on the factors cited in this memorandum, the Presentence Report ("PSR"), the probation officer's sentence recommendation in the PSR, and the Defendant's personal history and characteristics, the under-seal filing associated with this pleading, payment of restitution, and the Defendant's lack of criminal history. The Defendant believes that such a sentence is reasonable considering the facts of this case.

## II.

## **PROCEDURAL BACKGROUND AND DEFENDANT'S COMMENTS**

A. **Initial Appearance.**

3

On June 14, 2023, the Defendant was arrested and appeared in court. He has been detained since that time.

### B. The Plea Agreement and Calculation of the Applicable Sentencing Guidelines.

On November 20, 2023, the Defendant, with the assistance of counsel, entered into a plea agreement with the government. On November 30, 2023, the Defendant entered a guilty plea to Counts 1-4 of the Indictment.

The Plea Agreement contemplates a base offense level of 24 (U.S.S.G. §2K1.4 (a)(1)) and 3B1.3, respectively), and a 3-level reduction for acceptance of responsibility (U.S.S.G. §3E1.1).

Although the Defendant is a zero-point offender, he does not appear to qualify for the 2-level reduction (effective November 1, 2023, U.S.S.G. §4 C1.1) because of the nature of his offense conduct. The total adjusted offense level is **21** (prior to any further departures or variances). Assuming that the criminal history category is I, the low-end of the advisory sentencing range is **37-46** months imprisonment. The mandatory minimum in this Case is higher and becomes the guideline sentence.

The Plea Agreement contemplates restitution in the amount of $1,000.00. The restitution should be paid in full in accordance prior to sentencing.

The PSR accurately describes charges and the plea agreement in this Case (See PSR pages 5-6, ¶¶1-15.

### C. Minimum and Maximum Possible Sentence

The mandatory minimum sentence in this case is 5 years imprisonment.

The statutory maximum sentence that the Court can impose is 51-years imprisonment, a 3-year period of supervised release, substantial fines, and a mandatory special assessment of $400.

## III.
## ACCEPTANCE OF RESPONSIBILITY

### A. Defendant's Acceptance of Responsibility:

The Defendant has accepted responsibility for his conduct and will make a further statement to the Court at the time of sentencing. He conserved the resources of the Government and Court by entering a guilty plea at a very early stage of the proceedings. In addition, as more fully articulated in the related under seal filing, the Defendant, form an early stage was open with the Government about questions they had related to their investigation of Defendant. He accepted responsibility for his offense conduct without hesitation, and continues to accept responsibility for his offense conduct. He has not obstructed justice. (See PSR page 7, ¶¶24-25.)

## IV.
## THE PRESENTENCE REPORT AND GUIDELINE ANALYSIS ISSUES.

**A. Defendant's Comments Regarding the PSR:**

**1. Offense Level Computation and Failure to Recognize Mitigation.**

The PSR analysis of the guidelines is consistent with the agreed upon calculations contain in the Plea Agreement. However, the probation officer is recommending that the Court impose a severe upward departure, and recommends a sentence of 97 months imprisonment. This recommendation results in a draconian sentence and significantly overstates the seriousness of the offense conduct, and gives no consideration to Defendant's youthfulness, naivety, and acceptance of responsibility. The recommended sentence is overly punitive and represents a sentencing increase from the low end of the advisory sentencing range of 60 months (37 to 97 months.)

The Defendant plead guilty to the 4 counts of the Indictment. Each count is a violation of the law that relates to the offense conduct that occurred on March 13, 2022. He was arrested more than a year later. Probation is correct that the factual basis contained in the plea agreement does include conduct that goes beyond the Planned Parenthood incident, however, much of the information contained in the factual basis relates to communications Defendant had with others (including his co-defendants) and possession of a firearm and silencers.

Defendant's Sentencing Position Memorandum

1  Although the offense conduct is serious, the Defendant's actions were late at
2 night, which ensured that no patients or employees of Planned Parenthood would be
3 present. The damage to the building is limited to exterior damage. The interior of the
4 clinic and its offices were not damaged. The restitution is estimated at $1,000.00, which
5 on its own shows that the actual physical damage was minimal.

6  The Defendant is mindful that his actions did cause a short interruption of the
7 services provided by Planned Parenthood. He now understands that his political,
8 personal, and religious beliefs cannot be imposed on others, and that his actions are not
9 acceptable or productive. The Defendant is gaining insight into his conduct leading up
10 to the March 13, 2022 offense, as well as the other communications he had with his co-
11 defendants (as articulated and described in the PSR and factual basis of the plea
12 agreement.) He understands that he betrayed his service to our nation as a Marine.

13  **2. Defendant Objects to Probation's Recommendation that the Court Apply a**
14  **5-Level Adjustment under USSG §§5K2.0 (a) (2) (A) and 5K2.21.**

15  The Defendant's offense conduct and admitted conduct under the Plea Agreement
16 are accounted for in the applicable sentencing guidelines, and resulting advisory
17 sentencing range.

18  Probation indicates that the possession of the silencers and firearm are not
19 accounted for by the guidelines. While this may be true, the sentence requested by the
20 Defendant does acknowledge that conduct. The total adjusted offense level – if 2 levels
21 are added – them becomes 46-57 months. The recommended sentence of 97 months
22 clearly overstates the seriousness of that portion of the sentencing guideline analysis.

23  With regard to the recommendation that the Defendant also receive an additional 5-
24 level increase is not appropriate. There is no dispute that Defendant's words and
25 thoughts are repugnant and not accepted by society. His words, ideology and
26 communications are not the basis for an upward departure. His words do not, in
27 themselves, violate criminal law. Actual criminal acts, such as a murder can be used for
28 an upward departure. *U.S. v. Fitch*, 659 F.3d 788 (9th Cir. 2011) (the Defendant's wife

6

Defendant's Sentencing Position Memorandum

disappeared shortly before Defendant committed bank fraud, fraudulent use of his wife's credit card, and money laundering.)   The sentence recommendation letter indicates that:  "Also not taken into consideration are the hateful and violent ideologies Brannon exhibited in his communications to others (see sentencing recommendation letter page 8, paragraph 4.)  While hateful and violent speech and ideology is not accepted in society, it is not illegal.  Thoughts and words are protected in this country.  A 5-level increase in the guideline calculations and a high-end sentencing recommendation are unwarranted, unreasonable, and not just.

    Count 4 of the Indictment charges Defendant and Tibet Ergul with intentionally damaging and destroying the property of a facility, namely, the building and structure in which Planned Parenthood was located "**because Planned Parenthood, a women's health clinic, was and had been providing reproductive health services.**" (Emphasis added.)  The Defendant admitted this conduct in the Plea Agreement and accepted responsibility for that conduct.  The base offence level of 24 recognizes the conduct and its purpose.

    Defendant should not receive additional punishment for his misplaced and unaccepted ideology, thoughts, and words.

V.

**SENTENCING FACTORS AND ANALYSIS**

1. **Defendant's Personal Characteristics and History:**
   a. **Childhood and Family Structure, Education and Community Service.**

    The Defendant's personal history, upbringing, and family life are well described in the PSR.   He was 22 years old when he committed the offense conduct underlying Counts 1-4.

    Before the Court is a young male offender who was challenged by his father's lack of presence in his life, and suffered from mental health issues.  The Defendant felt abandoned by his father.  As noted in the PSR, the Defendant's father did not even

7

recognize that it was the defendant's 16th birthday when they were on a trip. The Defendant believed that there was something wrong with him because of his father's complete lack of attention to his son.

The Defendant's mother remarried when the Defendant was about 5 years old. His stepfather was supportive and a positive role model.

The Defendant has strong family support. The letter attached hereto as Exhibit A demonstrate that support, and articulate positive attributes of the Defendant. The PSR has quotes from many of the letters. See PSR, pages 17-19, ¶¶95-112.)

The letters contained in Exhibit A reveal consistent observations of the Defendant's personal characteristics. They also speak to the difficulties he experienced as a child and young adult.

### b. Criminal History – Defendant has Zero Criminal History Points

The Defendant has zero criminal history points and is within Criminal History Category I. (See PSR page 16, ¶¶86-93.)

### c. Defendant's Physical, Mental and Emotional Health.

The Defendant's health is described in the PSR. (See PSR pages 19-20, ¶¶113-117).

The Defendant has suffered from depression since an early age. His father's absence greatly impacted him. The Defendant has engaged in therapy from an early age, and suffers from PTSD, ADHD and other issues that are more fully discussed in the PSR and the under-seal filing associated with this filing. (See PSR pages 20-21, ¶¶118-127). The Defendant clearly struggles and the information contained in the mental health related materials clearly show that the Defendant needs ongoing therapy. The therapy can also be directed at better decision making and methods of communication.

### d. No History of Substance Abuse:

The Defendant does not suffer from substance abuse issues. (See PSR pages 21-22, ¶¶129-130.)

### e. **Defendant's Education and Employment History/Military Service.**

The Defendant graduated from high school. He had a hard time focusing in school. He earned his Associate Degree in Farsi from the Defense language Institute, and was awarded a Certificate of Achievement for placement on the dean's list for his 3rd semester in the Persian Farsi Basic course. He has also taken on line courses.

While at the jail, he has spent his time reading books and attending course. See attached Exhibit B, letter from the Santa Ana Jail staff, certificates and reading list.)

Immediately after graduating from high school, the Defendant began his service as a Marine. He learned many skills, including becoming an "authorized climber" (this permits him to repair cell towers and windmills), and becoming proficient in Farsi. Since the 10th grade, he has been employed.

In 2018, the Defendant entered bootcamp and served in the military until his arrest. He has been discharged from the military due to his offense conduct. During his service, he earned ribbons and medals for his service. During his 5 years in the military, he had no disciplinary issues. He was stationed at Camp Pendleton and worked as a truck driver and cryptological linguist. He spent 18 months at a foreign language institute at 2 different bases. (See PSR, pages 22-23, ¶¶131-146.)

### f. **Defendant's Financial Condition and Ability to Pay a Fine:**

The probation officer has determined that the Defendant can afford to pay a fine; however, the Defendant requests that the Court impose no fine. (See PSR pages 24-25, ¶¶147-154.)

### g. **Restitution Paid In Full By Defendant Prior to Sentencing.**

The Defendant plans to pay the restitution in advance of sentencing.

## VIII.
## POST-BOOKER SENTENCING CONSIDERATIONS
## 18 U.S.C. Sections 3553(a) (1)-(7) Humanization Factors

9

Defendant's Sentencing Position Memorandum

In light of *United States v. Booker*, 125 U.S. 738 (2005), the sentencing guidelines are advisory and are but one factor to be considered by the Court in fashioning an appropriate sentence, to wit, a sentence that is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. Section 3553(a). The Sentencing Guidelines are only a starting point for the Court in crafting a reasonable sentence. Indeed, under Section 3553(a), the district courts are required to sentence below the range if such a sentence would be sufficient to achieve the purposes of sentencing. As a result, the sentencing guideline range is no longer binding on the Court, as the Sentencing Guidelines are merely advisory today and only one of several factors to be considered in determining sentence. *Booker*, 124 S.Ct. at 764-65. 18 U.S.C. Sections 3553(a) (1)-(7) provide the Court with other factors to include in the fashioning of a reasonable sentence:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced (**the Sentencing Guideline Range**);

10

5. any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. Section 994(a)(2) that is in effect on the date that defendant is sentenced;
6. the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to victim(s) of the offense.

*Id., 18 U.S.C. Sections 3553(a) (1)-(7).*

Although the Sentencing Guidelines provide a starting point for the Court's sentencing analysis, the Court "may not presume that the Guidelines range is reasonable." *Gall v. United States,* 552 U.S. 38, 50 (2007). The Court's ultimate duty is to ensure that the sentence imposed reflects the principles set forth in 18 U.S.C. §3553 (a). *See Nelson v. United States,* 555 U.S. 350, 351 (2009). The "overarching provision" of §3553 (a) is "to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the sentencing goals advanced in §3553 (a) (2)." *Kimbrough v. United States,* 552 U.S. 85, 111 (2007). What is more, "the punishment should fit the offender and not merely the crime.'" *Pepper v. United States*, 562 U.S. 476, 487-88 (2011) (quoting *Williams v. New York*, 377 U.S. 241, 247 (1949).)

## IX.
### DEFENDANT'S POSITION RE: SENTENCING FACTORS AS APPLIED TO DEFENDANT

**1. The proposed sentence considers the personal history and characteristic of the Defendant and the nature of the offense.**

The Defendant's personal history and characteristics are clearly outlined in the PSR and are summarized in the preceding pages. The letters that are offered by the Defendant demonstrate to the Court that he possesses the traits that support leniency. The punishment he is requesting the Court impose is reflective of his past personal characteristics, mental health challenges and post offense conduct. His payment of

11

restitution in full demonstrates his commitment to righting his wrongs. The Defendant has clearly made poor decisions, and sorely regrets his offense conduct. His conduct landed him in jail. He has had many hours and days to reflect on his offense conduct, thought processes and actions. His offense conduct has had a ripple effect on his life, those he loves, and his future. It has caused trauma to his family. He remains committed to building a strong future and addressing his mental health issues.

The Defendant is remorseful for his offense conduct.

The letters of support that are attached hereto as **Exhibit A** also support the position that the Defendant is redeemable and a person that has positive qualities. The letters provide a glimpse into the Defendant's characteristics and reputation. They also let the Court know that the Defendant is remorseful, can be a productive member of society. **Exhibit E,** the Defendant's letter also demonstrates the Defendant's remorse, reflection on his words and actions, and acceptance of responsibility.

He accepted responsibility at an early stage, and took affirmative steps to answer questions posed to him when the Government expressed concern.

### 2. The proposed sentence reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense.

The proposed sentence reflects the seriousness of the offense. It will serve to promote respect for the law and provide more than just punishment. The proposed sentence also considers the mitigation factors, payment of restitution, and early acceptance of responsibility. Significant terms and conditions of supervised release will promote respect for the law. The proposed sentence incorporates his complete lack of criminal history. The proposed sentence also recognizes the Defendant's post offense conduct while at the jail and his productive use of his time. When combined, these factors provide a path to the requested sentence.

///
///

12

**3. The proposed sentence does not create a disparity in sentencing among similarly situated defendants.**

The proposed sentence does not create a disparity among other defendants who are similarly situated. This is clearly demonstrated when one compares the plea agreements for his co-defendant. In addition, the requested sentence is in line with three other cases wherein Defendants have been sentenced to 5 years prison for causing fires that gutted or did significant damage to abortion clinics in Wyoming, Illinois, and Missouri, and where the restitution ordered was about $300,000.00 in two of the cases. (See **Exhibit** C, attached hereto.) The requested sentence acknowledges Defendant's mitigating factors, and other issues raised in this memorandum and the PSR.

**4. The proposed sentence affords adequate specific and general deterrence to criminal conduct.**

The proposed sentence affords both specific and general deterrence to criminal conduct. The Defendant is keenly aware of the sentence he now faces and the implications of incarceration, and the collateral consequences his offense conduct has created. General deterrence goals are satisfied by the proposed sentence. The message that this sentence will send is loud and clear - it is not worth it to engage in any criminal conduct, and, as here, federal crimes. The Defendant's acceptance of responsibility and lack of any criminal history, and family and community ties are strong indicators that the Defendant is deterred.

The upward departure recommended by probation is not warranted to meet this sentencing factor. The upward departure recommended by probation serves to be overly punitive and punish conduct that is captured by the base offense level of 24 in this Case. Probation's recommendation is severe and is unnecessary for this Defendant.

**5. The proposed sentence protects the public from further crimes of the Defendant.**

The proposed sentence in this Case will surely protect the public from further crimes by him. Any sentence is significant to this defendant. He is a young man and is

now facing the prospect of a lengthy sentence.  He has never faced any period of prison time.  Significant terms and conditions of supervised release will provide with Defendant with structure and ensure the Court that if the Defendant does not comply, that he can suffer a serious sanction.  A longer sentence is not necessary to protect the public from defendant.

### 6. The Minimally-Sufficient Sentence in the Case

As discussed above, **Booker** and Title 18 of the United States Code Section 3553(a)'s parsimony provision impose a statutory cap on sentences, despite what is recommended or prescribed by the sentencing Guidelines:  the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment. Section 3553(a) (2) provides that the Court shall impose a sentence **sufficient but not greater than necessary** to comply with Section 3553(a).

The proposed sentencing options proposed in this pleading adequately address the factors this Court must consider in fashioning a sentence in this Case.  Justice is served by this proposed sentence.  The proposed sentence achieves the goals of deterrence, incapacitation, and rehabilitation.

### X.
### CONCLUSION

After full analysis of the sentencing factors in this case, the information provided by the defense and probation, the Defendant requests that the Court impose the following sentence and make the following recommendations:

    1. No more than 60 months imprisonment
    2. 3-year supervised release
    3. Imposition of no fine
    4. Imposition of a $400 special assessment
    5. The conditions of supervised release articulated in the sentencing recommendation letter found at Docket entry 88

14

6. A recommendation the Bureau of Prisons house Defendant FCI Englewood (Colorado) due to services it makes available to veterans.

DATED: April 1, 2024          Respectfully submitted,

_____/s/_____
Katherine Corrigan

# CERTIFICATE OF SERVICE

I, Katherine Corrigan, declare:

That I am a citizen of the United States and resident or employed in Orange County, California; that my business address is Corrigan Welbourn & Stokke, APLC, 4100 Newport Place, Suite 550, Newport Beach, California 92660; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That on **April 1, 2024**, I caused to be transmitted via facsimile or e-mail to the person(s) below and addressed as follows:

DEFENDANT'S SENTENCING POSITION AND OBJECTION TO PSR; EXHIBITS A-E

on the following persons:

Jill DaCosta, USPO    Via E-Mail Jill_DaCosta@cacp.uscourts.gov
United States Probation and Pretrial Services Office
Santa Ana, CA

AUSA Kathyrnne Seiden   Via email  Kathrynne.Seiden@usdoj.gov
United States Attorney's Office
312 N. Spring St.
Los Angeles, CA 90012

This Certificate is executed on **April 1, 2024** at Newport Beach, California. I certify under penalty of perjury that the foregoing is true and correct.

Dated:  April 1, 2024            _____/s/_____
                                 Katherine Corrigan

16

Defendant's Sentencing Position Memorandum